## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM WEINBERG, TRUSTEE | : | |
| OF THE WILLIAM WEINBERG | : | |
| FAMILY TRUST U/A/D | : | CIVIL ACTION |
| APRIL 22, 1986, | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | NO. 05-6213 |
| | : | |
| THYSSENKRUP BUDD COMPANY | : | |
| & FACTORY MARKET, INC., | : | |
| **Defendants** | : | |

### M E M O R A N D U M

**STENGEL, J.**                                    **March 27, 2008**

William Weinberg, as Trustee of the William Weinberg Family Trust

("Weinberg"), brought this action under the Pennsylvania Hazardous Sites Cleanup Act

and Clean Streams law.  He seeks damages and an order requiring the defendants to

indemnify Weinberg for the future costs to investigate, remediate, remove and clean up

hazardous substances from the property leased to them by Weinberg.  The defendants,

ThyssenKrupp Budd Co. ("Budd") and Factory Market, Inc. ("Factory Market"), filed a

third-party complaint against Narco Avionics, Inc. ("Narco"), alleging that Narco was

liable for the environmental contamination of the property.  Defendants Budd and Factory

Market now bring a joint motion to dismiss on the grounds that the plaintiff's claims are

moot as a result of a settlement agreement, and in the alternative, for failure to prosecute

or comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).  Third-party defendant Narco filed a Response to defendants' Motion on January 7, 2008, joining the request for dismissal of the action.  I denied Narco's own Motion to Dismiss under Federal Rule of Civil Procedure 41(b) on January 24, 2008.  For the following reasons, I will deny the moving defendants' motion to dismiss as well.

## I.    BACKGROUND

On March 29, 1967, Budd executed a commercial lease agreement with Delaware Valley Industrial Properties, Inc. for real property located at 375 Commerce Drive in Fort Washington, Pennsylvania.  On January 15, 1976, Delaware Valley, the lessor, assigned the lease to Weinberg and on September 28, 1987, Budd, the lessee, assigned its interest in the lease to Factory Market.  Paragraph 12 of the lease agreement required the defendants to keep the property in good condition and that the defendants were responsible for all necessary repairs and maintenance.  The plaintiff's complaint is based on the defendants' failure to comply with their contractual obligation to remediate promptly environmental contamination of the property.

After completing limited discovery, Weinberg and Factory Market entered into settlement negotiations in November of 2006, reaching an agreement on January 8, 2007.  The parties then executed an Agreement of Sale dated January 30, 2007, whereby Factory Market would pay Weinberg $5.5 million for the property at issue and Weinberg would transfer the property and lease free and clear of all liens and encumbrances, except for the

customary easements of record, to Factory Market.  Closing was to occur on May 2, 2007.

The Agreement provided for filing a specific performance action in state court if closing

did not occur.  Weinberg agreed to "terminate the lawsuits," pending in the Court of

Common Pleas in Montgomery County (Civil Action No. 03-7302) and before this court

(Civil Action No. 05-8213), "[p]romptly following the successful Closing of the

transaction herein contemplated."  (See Pl.'s Resp. Ex. A ¶ 7 (a)(vi).)

　　　For various reasons, among them that the plaintiff did not provide the defendants

with an unredacted copy of the trust agreement as they had requested, closing did not

occur on May 2, 2007.  Both Weinberg and Factory Market assert that the other party

breached the Agreement of Sale.  Factory Market filed an action for specific performance

in the Court of Common Pleas of Montgomery County and Weinberg filed a counterclaim

for specific performance.  The resolution of the dispute over which party breached the

Agreement of Sale will therefore occur in state court and is not at issue here.

　　　When closing did not occur on May 2, 2007, the parties requested that this matter

be referred to a Magistrate for a settlement conference.  Several settlement conferences

were held with the parties' attorneys before Magistrate Judge Linda K. Caracappa.  Judge

Caracappa entered an Order requiring the parties to appear for a settlement conference on

June 21, 2007.  On June 19, 2007, counsel for Weinberg indicated to Judge Caracappa

that Weinberg intended to withdraw this matter and would file a voluntary dismissal by

June 21, 2007, in favor of resolution through the specific performance actions pending in

3

state court.  A Stipulation of Voluntary Dismissal was presented by the plaintiff on July 12, 2007, erroneously seeking dismissal with prejudice.  Budd, Factory Market and Narco amended the proposed Stipulation of Voluntary Dismissal so that the dismissal between the defendants Budd and Factory Market and the third-party defendant Narco would be without prejudice.  Weinberg then proposed an alternative Stipulation of Voluntary Dismissal seeking dismissal without prejudice, noting that the previous proposal erroneously called for dismissal with prejudice.

On August 16, 2007, this Court convened a telephone status conference with the parties.  During the conference it became clear that the parties could not agree on whether dismissal should be with or without prejudice, and by Order of August 22, 2007, the matter was placed in the Civil Suspense File, pending "finalization of the terms of the Stipulation of Dismissal."  After several status conferences with the parties, the case was removed from the Civil Suspense File, and the defendants filed the present motion to dismiss on December 17, 2007.

The parties dispute whether the Agreement of Sale constituted a final settlement agreement despite the fact that closing was unsuccessful.  A final settlement would render the underlying case moot.  Weinberg asserts that both parties had the right to terminate the Agreement of Sale under various circumstances, and that his right to terminate was his sole remedy in the event that Factory Market failed to purchase the property.  He also stresses that settlement between the parties was tentative and conditional, that he agreed

4

to terminate the current matter with prejudice only after the successful closing of the transaction.  Factory Market points to the fact that in Weinberg's Answer to Amended Complaint, New Matter and Counterclaim in the state court action, he admits that the parties entered into a settlement of this action.  Factory Market also maintains that any opportunity to terminate the Agreement of Sale ended on April 2, 2007, which made the Agreement a final settlement agreement after that date.

## II.    LEGAL STANDARD

### A.     Dismissal as Moot Due to Settlement

Federal courts lack subject matter jurisdiction over moot cases.  N.J. Dep't of Envt'l Prot. v. Heldor Industries Inc., 989 F.2d 702, 706 (3d Cir. 1993).  It is not sufficient that an actual controversy exist at the time the complaint is filed; an actual controversy must continue to exist at all stages of review.  Arizonans for Office English v. Arizona, 520 U.S. 43, 67 (1997) (citing Preiser v. Newkirk, 422 U.S. 395, 401 (1975)); Wheeling-Pittsburgh Steel Corp. v. United Steelworkers of America, 791 F.2d 1074, 1079 (3d Cir. 1986).

A settlement between two parties generally renders moot any case between them that arose from the dispute.  International Union v. Dana Corp., 697 F.2d 718, 721 (6th Cir. 1983); ITT Rayonier Inc. v. United States, 651 F.2d 343, 345 (5th Cir. 1981).  The parties settling the cause of action underlying a dispute renders the action moot even if the parties argue otherwise.  Clipper v. Takoma Park, Maryland, 898 F.2d 18, 19-20 (4th

Cir. 1989).

If the settlement agreement is tentative or highly conditional, however, the general rule does not apply. Coopers & Lybrand v. Livesay, 437 U.S. 463, 466 n.3 (1978); Temple Univ. v. White, 941 F.2d 201, 207 n.5 (3d Cir. 1991). Whether a putative settlement renders moot the underlying action depends on general contract principles and the intent of the parties. Parsons v. Orthalliance, Inc., No. 03-15681, 2005 WL 1027327, at *2 (11th Cir. May 3, 2005). In addition, if performance of the settlement agreement is required in order for the prior claim to be released, "only substantial performance of the obligor's duties under the agreement will extinguish the prior claim." Polish Am. Mach. Corp. v. R.D. & D. Corp., 760 F.2d 507, 511 (3d Cir. 1985).

B.     Federal Rule of Civil Procedure 41(b)

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order, a defendant may move to dismiss the action. Fed. R. Civ. Pro. 41(b). The standard for dismissing a case pursuant to this rule is set out in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d. Cir. 1984). Poulis establishes the following six factors for determining whether a claim should be dismissed under Fed. R. Civ. Pro. 41(b): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of

sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Id.

These factors do not amount to a mathematical calculation, however, and it is not necessary to find that each factor weighs against the plaintiff in order to determine that dismissal is appropriate.  Beckman v. Integrated Sys. Int'l Inc., No. 88-4534, 2002 U.S. Dist. LEXIS 19394, at *7 (E.D. Pa. Sept. 30, 2002).  However, dismissal pursuant to Fed. R. Civ. Pro. 41(b) is "a drastic remedy to be used in extreme circumstances" and is "reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff."  Id. at *6.  In close cases, "doubts should be resolved in favor of reaching a decision on the merits."  Adams v. Trustees of the N.J. Brewery Employees Pension Trust Fund, 29 F.3d 863, 878 (3d. Cir. 1994) (quoting Scarborough v. Eubanks, 747 F.2d, 871, 878 (3d Cir. 1984)).

## III.   DISCUSSION

### A.   Mootness

Defendants seek to redefine the Agreement of Sale as a global settlement of this case.  To so find would run contrary to the parties' intent, as evidenced by the protracted settlement efforts between them, which continued long after the failed closing on May 2, 2007.  See Parsons, 2005 U.S. Dist. LEXIS 7730, at *8 (intent of the parties must determine scope and effect of settlement agreements).  In fact, the plain language of the Agreement of Sale indicates that settlement was contingent upon successful closing.  (See

Pl.'s Resp. Ex. A ¶ 7 (a)(vi).)  "Promptly following the *successful* Closing of the

transaction herein contemplated, Seller will terminate the Lawsuits with prejudice."  Id.

(emphasis added).  This contingency never occurred.  The case is therefore not moot, and

I will defendants' motion to dismiss on this ground.

B.      Federal Rule of Civil Procedure 41(b)

Federal Rule of Civil Procedure 41(b) allows a defendant to dismiss an action if

the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a

court order.  In this case, defendants have not shown the "extreme circumstances"

required to justify use of this remedy.  See Beckman v. Integrated Systems International,

Inc., No. 88-4534, 2002 U.S. Dist. LEXIS 19394, at *7 (E.D. Pa. Sept. 30, 2002).

The defendants argue that the six factors established in Poulis v. State Farm Fire &

Casualty Co. weigh in favor of dismissal.  747 F.2d 863, 868 (3d Cir. 1984).  First, the

plaintiff represented to Judge Caracappa that he would withdraw this matter by June 21,

2007, but failed to present a proposed Stipulation of Voluntary Dismissal until July 12,

2007.  Second, the plaintiff failed to appear at the scheduled settlement conference and

failed to produce the unredacted trust document despite an Order to do so.  Third, after

modification by the defendants, the plaintiff refused to execute the Stipulation of

Voluntary Dismissal, but instead submitted a proposal that the request for dismissal with

prejudice be changed to dismissal without prejudice.  The defendants highlight the second

of the six Poulis factors: the prejudice to an adversary caused by the failure to meet

scheduling orders and respond to discovery.  Id. at 868.

While a dismissal pursuant to Fed. R. Civ. Pro. 41(b) does not require a showing of all six Poulis factors, defendants have not made a sufficient showing to warrant relief under this Rule.  See Beckman, 2002 U.S. Dist. LEXIS 19394, at *7.  Rule 41(b) dismissal with prejudice is reserved for "those cases where there is a clear record of delay or contumacious conduct by the plaintiff."  Id. at * 6.

In the present case, plaintiff has attempted to negotiate a settlement of the dispute not only with this court, but independently through the Agreement of Sale and Proposed Voluntary Dismissal, and through settlement conferences with Magistrate Judge Caracappa.  Pursuing several channels of alternative dispute resolution will occasionally result in delays in the progress of a case toward final disposition through the courts.  The defendants cannot show a "failure to move with dispatch" sufficient to warrant imposing such an extreme and final remedy in a case that has endured through years of active litigation.  See id. at *14 (citing Donnelly v. Johns-Manville Sales Corp., 667 F.3d 339, 342; in Beckman, plaintiff took no action for nine years).  Defendants' motion to dismiss for failure to prosecute must be denied.

**V.    CONCLUSION**

Based on the foregoing, I deny the motion to dismiss in its entirety.  An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM WEINBERG, TRUSTEE | : | |
| OF THE WILLIAM WEINBERG | : | |
| FAMILY TRUST U/A/D | : | CIVIL ACTION |
| APRIL 22, 1986, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 05-6213 |
| | : | |
| THYSSENKRUP BUDD COMPANY | : | |
| & FACTORY MARKET, INC., | : | |
| Defendants | : | |

## O R D E R

**STENGEL, J.**

**AND NOW**, this 27th  day of March, 2008, upon consideration of the Joint

Motion to Dismiss, filed by defendants Factory Market, Inc. and ThyssenKrupp Budd

Company (Document #62), it is hereby **ORDERED** that the motion is **DENIED**.

BY THE COURT:

 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.